UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DR. GLENN W. CHERRY,

    Plaintiff,

v.    Case No. 8:09-cv-680-T-33MAP

THE FEDERAL COMMUNICATIONS
COMMISSION,

    Defendant.
_____/

### **ORDER**

This matter comes before the Court pursuant to Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. # 17), which was filed on April 30, 2009.

Defendant asserts that this Court lacks jurisdiction over the present case and seeks dismissal pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Among other arguments, Defendant asserts, "judicial review of the FCC's actions concerning investigation and enforcement of the Communications Act is within the exclusive jurisdiction of the courts of appeals pursuant to Sections 402(a) of the Communications Act of 1934, as amended ("the Communications Act"), 47 U.S.C. § 402(a) and the Hobbs Act, 28 U.S.C. § 2342(1)." On this point, Defendant refers to <u>FCC v. ITT World Comm., Inc.</u>, 466 U.S. 463 (1984), in which the Court held: "Exclusive jurisdiction for review of final FCC orders . . .

lies in the Court of Appeals.  Litigants may not evade these provisions by requesting the District Court to enjoin action that is the outcome of the agency's order."  Id. at 468 (internal citations omitted).

Defendant also asserts that Plaintiff failed to exhaust administrative remedies and that Plaintiff lacks standing to bring a Freedom of Information Act (FOIA) claim.  In light of the detailed and persuasive arguments asserted by Defendant concerning this Court's jurisdiction and Plaintiff's standing, this Court finds it appropriate to hold Plaintiff's successive motions for injunctive relief (Doc. ## 2, 13) in abeyance pending the adjudication of Defendant's motion to dismiss. This Court must determine whether it has jurisdiction before considering the merits of Plaintiff's motions for injunctive relief.

Further, so that this Court can ascertain whether it has jurisdiction over this matter as expeditiously as possible, this Court requires an expedited response from Plaintiff. Plaintiff shall file a response to Defendant's motion to dismiss within seven days of the date of this order.

Accordingly, it is now

**ORDERED, ADJUDGED, and DECREED:**

(1) Plaintiff's verified emergency motion for a temporary restraining order and preliminary injunction (Doc. # 2) and verified emergency motion for a preliminary injunction (Doc. # 13) are held in abeyance pending the adjudication of Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. # 17).

(2) Plaintiff shall file a response to Defendant's motion to dismiss for lack of subject matter jurisdiction (Doc. # 17) within seven days of the date of this order.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>1st</u> day of May, 2009.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:

All Counsel of Record