**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**DR. GLENN W. CHERRY,**

      **Plaintiff,**

 **vs.**                                                                                      **Case No.: 8:09-cv-680-T-33EAJ**

**FEDERAL COMMUNICATIONS**
**COMMISSION,**

      **Defendant.**

_____/

**ORDER**

Pending before the Court is United States Magistrate Judge Elizabeth A. Jenkins'

Report and Recommendation (Doc. 34) on Defendant, the Federal Communications

Commission's, Motion to Dismiss for Lack of Subject Matter Jurisdiction. (Doc. 17). The

Magistrate Judge recommends that the Court grant the Motion to Dismiss because Plaintiff,

Dr. Glenn W. Cherry, does not have standing and because the Court lacks subject matter

jurisdiction. Cherry filed an Objection to the Report and Recommendation. (Doc. 35). The

FCC filed a Response (Doc. 36) and a Notice of Supplemental Authority. (Doc. 37). For the

reasons that follow, the Court adopts the Report and Recommendation.

**I.      Brief Factual History**

Cherry was the Chief Executive Officer of Tama Broadcasting, Inc., which at some

point owned as many as nine radio stations in the State of Florida. (Doc. 1). In 2001, Tama

obtained financing from D.B. Zwirn Special Opportunities Fund, L.P., and Zwirn became

Tama's senior creditor. (Doc. 1 at 4). In 2007, Zwirn assumed control over Tama, including

Tama's radio licenses. (Doc. 1 at 4). Tama is in receivership and a receiver has been appointed by the New York Supreme Court. (Doc. 1).

According to Cherry, at some point "third parties conspired to transfer premature control of [Tama's] radio licenses to [Zwirn]." (Doc. 1 at 5). In response, Cherry filed a complaint with the Enforcement Division of the FCC. (Doc. 1 at 5). Cherry has submitted that at Zwirn's request, third parties fired Cherry from his position as Tama's CEO in retaliation for his filing of the FCC complaint. (Doc. 1 at 5). Cherry has averred that the same third parties "then increased the degree of Zwirn's unlawful exercise of control over Tama by, among other things, invoking state court injunctive remedies in order to prevent [Cherry] from assuring that Tama complied with [§ 310(d) of the Federal Communications Act, 47 U.S.C. §§ 151 et seq]." (Doc. 1 at 6).

In October 2008, pursuant to the Freedom of Information Act, 5 U.S.C. § 552 (2008), Cherry requested records from Defendant related to his FCC complaint. (Doc. 1 at 8). Cherry has claimed that he never received a response but that an "ex parte and unlawful consent decree was entered on February 17, 2009 . . . purportedly resolving the [FCC complaint]" and approving the transfer of Tama's licenses to Tama's receiver. (Doc. 1 at 4, 8).

On April 10, 2009, Cherry filed a Complaint pursuant to FOIA and the Administrative Procedures Act, 5 U.S.C. §§ 701 et seq., seeking to enjoin the transfer of radio stations formerly licensed to Tama but currently licensed to Tama's receiver and to enforce his request to the FCC for disclosure of documents under FOIA. (Doc. 1 at 1-2).

Cherry has stated that the sale of one of Tama's stations is pending before the FCC but, due to the FCC's failure to provide records in response to his FOIA request, he is "unable to file meaningful opposition to the pending transfer request." (Doc. 1 at 8-9). Cherry has insisted he is "entitled to an injunction against the transfer by the FCC of any formerly held Tama licenses until the documents requested under the FOIA have been produced thereby enabling appropriate opposition to the transfers to be filed." (Doc. 1 at 9).

Although Cherry alleged in the Complaint that he was the requesting party in the FOIA request, the documents attached to the Complaint, and the FOIA request itself, conclusively demonstrate that another individual, Mr. Percy Squire, was the sole requesting party. The FCC has moved to dismiss the Complaint on the ground, inter alia, that Cherry had no standing to seek enforcement of a FOIA request made by someone else. In responding to the FCC's motion, Cherry has admitted that he was not a party to the FOIA action. Instead, Cherry argued that his attorney, Squire, made the FOIA request on Cherry's behalf and that Cherry is an undisclosed client.

In the Report and Recommendation Judge Jenkins concluded that the Complaint should be dismissed for lack of subject matter jurisdiction. Based on the undisputed fact that Squire was the sole party who made the FOIA request Judge Jenkins reasoned that Cherry lacked standing to bring the action. (Doc. 34 at 6). Judge Jenkins addressed Cherry's claim that Squire was acting on Cherry's behalf, even though Cherry's interest was not disclosed in the FOIA request. The Report and Recommendation cited several cases from courts in other circuits addressing this issue and noted that these courts have uniformly concluded that

an undisclosed client lacks standing to sue to enforce a FOIA request filed by his or her attorney; the only real party in interest in such as suit is the requesting party who must file suit in his or her own name. (Doc. 34 at 5-6).

## II.    Standard of Review

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779, n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations. 28 U.S.C. § 636(b)(1)(c). The district judge reviews legal conclusions de novo, even in the absence of an objection. See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994).

## III.    Analysis

Cherry has objected to the Report and Recommendation primarily claiming that the Magistrate's reliance upon the case of SAE Productions, Inc. v. FBI, 589 F. Supp. 2d 76 (D.D.C. 2008), is misplaced because SAE involved a private party attempting to obtain records on behalf of corporation and not a "factual pattern where the person whose name appears on the [FOIA] request was acting in the capacity as counsel for an individual requestor." (Doc. 35 at 1).

The FCC has responded that Cherry's objection should be overruled because the "Report and Recommendation also relies on cases involving undisclosed individual clients, as well as those involving corporate clients. Moreover, the asserted distinction between undisclosed corporate clients and undisclosed individual clients has no basis in the case law." (Doc. 36 at 2-3). In addition, as part of its Notice of Supplemental Authority, the FCC has provided the Court with, among other things, an Order issued by Judge Michael H. Watson in Percy Squire Co., LLC, et al. v. Federal Communications Commission, No.: 2:09-cv-428 (S.D. Ohio Aug. 7, 2009). In his Order, Judge Watson referenced the instant case and noted that "A comparison of the complaint in this action to the complaint in the Cherry case reveal they, for the most part, are the same." (Doc. 37-2, Ex. A at 4). Judge Watson then granted the FCC's motion to dismiss for lack of jurisdiction based on his conclusions that the plaintiffs in Percy Squire failed to exhaust their administrative remedies and could not pursue the FOIA litigation, and "as they lack standing they are unable to pursue the requested injunctive relief." (Doc. 37-2, Ex. A at 12).

The Court agrees with Judge Jenkins and the FCC that Cherry lacks standing to bring the FOIA Complaint because the relevant FOIA requests did not disclose Cherry as the interested party. See McDonnell v. United States, 4 F.3d 1227, 1236-37 (3d Cir. 1993)("a person whose name does not appear on a request for records has not made a formal request for documents within the meaning of the statute . . . . Such a person, regardless of his or her personal interest in disclosure of the requested documents, has no right to receive either the documents . . . or notice of the agency decision to withhold the documents."); Brown v. U.S.

Environmental Protection Agency, et al., 384 F. Supp. 2d 271, 276 (D.D.C. 2005)("[S]everal courts have dismissed FOIA claims for lack of standing where plaintiff's counsel submitted a request for documents to an agency without including the plaintiff's name on the request or stating that the request was being filed on behalf of the plaintiff.").

As correctly noted by Judge Jenkins, "The requirement that a claimant have standing is an essential and unchanging part of the case-or-controversy requirement of Article III." (Doc. 34 at 4, citing Davis v. Fed. Election Comm'n, 128 S. Ct. 2759, 2768 (2008)). The Court does not have subject matter jurisdiction over this case because the Plaintiff lacks standing to bring his claims.

**IV.    Conclusion**

After conducting a careful and complete review of the findings, conclusions and recommendations, and giving de novo review to matters of law, the Court accepts the factual findings and legal conclusions of the Magistrate Judge and the recommendation of the Magistrate Judge regarding the Motion to Dismiss. Cherry's objections are unavailing in light of established case law and the recent decision in the Percy Squire case.

Accordingly,  it is hereby

**ORDERED**, **ADJUDGED** and **DECREED:**

1.    United States Magistrate Judge Elizabeth A. Jenkins' Report and Recommendation (Doc. 34) is **ACCEPTED** and **ADOPTED.**

2.    The Motion to Dismiss  for Lack of Subject Matter Jurisdiction (Doc. 17) is **GRANTED,** and this case is **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(1).

3.      The **CLERK** is directed to deny any pending motions as **MOOT** and to **CLOSE** this **CASE**.

   **DONE** and **ORDERED** in Chambers in Tampa, Florida, on this <u>3rd</u> day of December 2009.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:

Counsel of Record